### PEOPLE v. RANDOLPH.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

1. COUNTIES (§ 102*)—COUNTY TREASURER—CRIMINAL RESPONSIBILITY.

Under Code Cr. Proc. §§ 275, 276, providing that an indictment must contain a plain statement of the act constituting the crime, etc., an indictment alleging that accused was during 1904, 1905, and 1906 the county treasurer of a county, and that on November 30, 1905, he willfully mis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appropriated $5,000 of the money of the county received by him as treasurer on March 1, 1905, from a tax collector of a town collected for taxes, which money was paid to accused as treasurer on account of taxes, etc., charges a violation of Pen. Code, § 472, punishing a county treasurer who willfully misappropriates county money; the act constituting the crime being the willful misappropriation by a county treasurer of moneys deposited with him as such.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 160; Dec. Dig. § 102.*]

2. COUNTIES (§ 102*)—COUNTY TREASURER—CRIMINAL RESPONSIBILITY.

A county treasurer, who willfully misappropriates money received by him as such from a tax collector of a town as money collected for taxes, violates Pen. Code, § 472, punishing a county treasurer who willfully misappropriates any moneys received by him as such.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 160; Dec. Dig. § 102.*]

Appeal from Trial Term, Rockland County.

William J. Randolph was convicted of willfully misappropriating county moneys, and from a judgment of conviction, and from an order overruling a demurrer to the indictment, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Frank Comesky (George A. Wyre, on the brief), for appellant.
Thomas Gagan, Dist. Atty., for the People.

PER CURIAM. The indictment was under section 472 of the Penal Code, which reads as follows:

"A county treasurer, who willfully misappropriates any moneys, funds or securities, received by or deposited with him as such treasurer, or who is guilty of any other malfeasance or willful neglect of duty in his office, is punishable by a fine not less than five hundred dollars nor more than ten thousand dollars, or by imprisonment in a state prison not less than one year or more than five years, or by both such fine and imprisonment."

The indictment contains the usual formal allegations, and charges a violation of section 472 in the following language:

"The said William J. Randolph, late of the village of Nyack, in the town of Orangetown, county of Rockland, and state of New York, on all the days and times during the years 1904, 1905, and 1906, was the county treasurer of said county of Rockland, and the said William J. Randolph, on the 30th day of November, 1905, at the village, town, county and state aforesaid, feloniously did willfully misappropriate certain money, the property of the county of Rockland, received by him as such county treasurer of said county of Rockland, and his possession as such county treasurer of said county of Rockland, to wit, the sum of $5,000, lawful money of the United States, which said sum of $5,000 one Howard Garner, who on all the days and times during the years 1904 and 1905 was tax collector of the town of Orangetown aforesaid, on the 1st day of March, 1905, paid to the said William J. Randolph as county treasurer of said county of Rockland, and which money was received by the said William J. Randolph as such county treasurer of said county of Rockland, and which said sum of $5,000 was money collected for taxes by the said Howard Garner as tax collector of the town of Orangetown aforesaid, and which said sum of $5,000 was paid to and received by the said William J. Randolph, as county treasurer of the county of Rockland aforesaid, on account of the taxes which was the duty of the said Howard Garner, as tax collector of the town of Orangetown aforesaid, to pay to the said William J.

Randolph, as such county treasurer of the said county of Rockland, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

The defendant demurred to the indictment on the grounds: (1) That it does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure; (2) that it does not contain a plain and concise statement of the acts constituting the crime intended to be charged therein; and (3) that the facts stated in the indictment do not constitute a crime.

The first ground of insufficiency in the indictment relied on by the defendant may be disposed of with the statement that a substantial compliance with the requirement of the statute is obvious upon a comparison of the indictment with section 276, and with a brief reference to the contention that the indictment does not meet the requirements of section 275. Section 275 provides that the indictment must contain:

"(2) A plain and concise statement of the act constituting the crime, without unnecessary repetition."

What does the statute prescribe as the "act" constituting the crime for which this indictment was found? Clearly, the willful misappropriation by a county treasurer of moneys received by or deposited with him as such treasurer.

Practically the same objection is involved in the defendant's second ground of insufficiency. Both suggest the query: How could the crime have been more clearly charged under the statute? The conceded facts are that the moneys were received by the defendant, that he deposited them to his credit as county treasurer, that he checked them out and disbursed them for purposes that do not appear in the record, and that he has not accounted for these funds. It would have been impossible, under the circumstances, to frame an indictment specifying each particular act of misappropriation. The defendant was by the indictment fully apprised of the amount, as well as the time and source of the payment to him of the fund in question. It was paid to him by one Garner, collector of the town of Orangetown, on the 1st day of March, 1905. The conceded amount is $5,000. That the defendant was fully aware of the charge made by the indictment is evidenced by his own testimony. He admitted the receipt, deposit, and disbursement of the moneys. He was apparently ready with the only defense he had; that is, the want of system in the bookkeeping in his office, the omission of his deputy to enter the receipt of the fund in his cash book, and his own oversight in signing a report to the board of supervisors which made no mention of the item.

As to the third ground of insufficiency in the indictment assigned by the defendant, it may be said that the facts stated do, if proved, constitute a crime. The crime charged is the 'willful misappropriation of moneys under the circumstances specified in the statute. The jury found from the circumstantial evidence, and the inferences deducible from it, that the defendant had willfully misappropriated the moneys, and that he was therefore guilty of the crime charged beyond a reasonable doubt. The defendant had full opportunity to account for

the moneys, and his defense was not so meritorious as to call for a reversal of the judgment.

We think the demurrer was properly overruled, and that the judgment and order should be affirmed.